IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRYL LYNN DIXON, #161637, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-248-WHA |
| ) | |
| KAY IVEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Darryl Lynn Dixon, an indigent state inmate currently incarcerated at the Red Eagle Honor Farm. Doc. 1. In the complaint, Dixon alleges the conditions at Red Eagle are unsafe and hazardous to his health due to the coronavirus pandemic, otherwise known as COVID-19, and his potential exposure to the virus while incarcerated. Doc. 1 at 10–11. Dixon maintains the defendants have acted with deliberate indifference to his health and safety during the pandemic because they have not undertaken the measures recommended by health officials to stem the spread of the highly contagious virus. Doc. 1 at 12–13. Dixon seeks the release of various inmates who meet certain identified criteria, a declaratory judgment, injunctive relief, the costs of this suit and any other relief the court deems appropriate. Doc. 1 at 14–17.

The defendants filed special reports and, when ordered by the court, necessary supplements to the reports. In addition, the necessary defendants filed responses to

Dixon's motions for preliminary injunctive relief. The special report of the parole defendant is supported by relevant parole records, whereas the reports and responses of the remaining defendants are supported by relevant evidentiary materials, including sworn declarations and applicable institutional documents. In these reports and responses, the defendants address the claims for relief presented by Dixon. Specifically, the defendants deny violating Dixon's constitutional rights as alleged in the complaint.

Upon review of the defendants' special reports, supplements thereto, other relevant responses and all the supporting evidentiary materials, the court entered an order directing Dixon to file a response to these documents and the arguments set forth therein by the defendants. Doc. 76. The order advised Dixon that his failure to respond to the reports and responses of the defendants would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 76 at 1 (emphasis in original). Additionally, the order "**specifically CAUTIONED [the plaintiff] that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**" Doc. 76 at 1 (emphasis in original). The time allotted Dixon to file a response in compliance with this order expired on November 30, 2020. Doc. 76 at 1. As of the present date, Dixon has failed to file a response in opposition to the defendants' special reports, supplements thereto and other relevant responses as directed by the court. In light of such failure, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, it is clear that dismissal of this case is the proper course of action. Specifically, Dixon is an indigent prison inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' reports, responses and this court's order suggests a loss of interest in the continued prosecution of this case. Finally, it likewise appears that any additional effort by this court to secure Dixon's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes the abandonment of this case by Dixon and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order

3

dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **January 20, 2021,** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of January, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE